UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-430-H

MIKKI BLAND and CALEB BLAND,
Individually as parents and next friends
of J.B., a minor
                                                       PLAINTIFFS

v.

ABBOTT LABORATORIES, INC.                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Mikki and Caleb Bland and their child, J.B. (collectively the "Blands" or "Plaintiffs"), brought this action in Hardin Circuit Court against Abbott Laboratories, Inc. ("Abbott" or "Defendant"), alleging various tort and contract claims, as well as Kentucky statutory violations. The action arises from a recall of Abbott's infant formula product, Similac. Defendant removed the case to federal court based on diversity jurisdiction and now moves to dismiss the Blands' Complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

As discussed below, the Court will resolve some of the claims and set a conference to discuss others.

I.

In September 2010, Abbott voluntarily recalled millions of Similac units after discovering adult beetles and larvae in containers of finished product in its Sturgis, Michigan production facility. Concurrent with the recall, the U.S. Food and Drug Administration ("FDA") issued an alert that formula containing beetles "poses no long-term health problems" but "infants . . . could experience gastrointestinal discomfort and refusal to eat." Def. Mot. to Dismiss Ex. B.

For several months beginning in May 2009, the Blands fed J.B. Similac that was later subject to the recall. J.B. was consistently sick during this period, underwent surgery to correct a pyloric stenosis, and received a feeding tube to address his feeding aversion and failure to thrive. Doctors removed the tube in April 2010 and J.B. soon began drinking whole milk.

II.

At the motion-to-dismiss stage of litigation, the Court accepts as true all well-pleaded facts from the Complaint, construed in a light most favorable to the Plaintiffs. *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007). However, legal conclusions couched as facts are insufficient to withstand a 12(b)(6) motion. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content must allow a reasonable inference of a defendant's liability under some legal theory. *Id.* at 556.

Several claims alleged in the Complaint clearly warrant dismissal. The Court will dismiss Count III (Intentional Misrepresentation), Count VII (Breach of Implied Warranty of Fitness for a Particular Purpose), Count VIII (Unjust Enrichment), and Count IX (Kentucky statutory violations). The Court also notes that Count X (Punitive Damages) is not a separate cause of action, but a remedy potentially available for another cause of action. *Toon v. City of Hopkinsville*, No. 5:09-CV-37, 2011 WL 1560590, at *3 n.6 (W.D. Ky. April 14, 2011) (*citing Salisbury v. Purdue Pharm.*, *L.P.*, 166 F. Supp. 2d 546, 548, n. 1 (E.D. Ky. 2001)). The Court will issue an order as to the remaining counts after a conference with the parties.

III.

To state a claim for intentional misrepresentation under Kentucky law, Plaintiffs must

allege Defendant made a false statement regarding a material fact, knew the statement was false, intended to deceive Plaintiffs, that Plaintiffs reasonably relied on upon the deception, and damages resulted. *Res-Care, Inc. v. Omega Healthcare Investors, Inc.*, 187 F. Supp. 2d 714, 717 (W.D. Ky. 2001). The Blands' allegations fail to meet this standard.

First, Plaintiffs have not identified with the requisite particularity Abbott's statements constituting the misrepresentation. Fed. R. Civ. P. 9(b) (requiring greater particularity in pleading a claim of fraud); *see also U.S. ex. rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007). The Complaint alleges Abbott's "promotion, marketing, advertising, packaging, labeling, and other means" represented to the public that Similac was safe for consumption. Yet the only specific statements Plaintiffs note in their response brief concern nutritional content, not safety. Unappealing as the prospect may be, the fact that some Similac products may have contained beetle parts does not contradict a claim the product has "the balance of protein, minerals, and other nutrients that helps give babies a strong start in life."

Furthermore, even if the Blands could identify a particular false statement of material fact, it is implausible Plaintiffs relied on any such statement while Abbott knew it to be false. No allegations in the Complaint suggest Abbott knew of any problems with Similac before September 2010, months after Plaintiffs had stopped purchasing and feeding J.B. the product. To the contrary, the Complaint suggests Abbott discovered the problem in mid-September 2010, reported it to the FDA days later, and within a week issued the recall notice. The factual allegations are insufficient to state a claim for intentional misrepresentation.

IV.

Plaintiffs' claim for breach of an implied warranty of fitness for a particular purpose fails

because their use of Similac was not peculiar. Ky. Rev. Stat. Ann. § 355.2-315 (LexisNexis 2008). They used Similac for its ordinary purpose – feeding an infant. Insofar as Plaintiffs allege Similac was not fit for feeding their infant, their claim is for a breach of warranty of merchantability, not fitness for a particular purpose. Absent an allegation Plaintiffs had a particular purpose that Abbott would have reason to know, this claim must be dismissed. *Id.*

V.

Plaintiffs fail to state a claim for unjust enrichment under Kentucky law, which requires pleading: "(1) [a] benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009) (*citing Guarantee Electric Co. v. Big Rivers Electric Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987)). As a claim in equity, recovering on an unjust enrichment theory ultimately "requires proof of bad faith by the defendant." *Jim Huff Realty, Inc. v. Tomlin Props., Ltd.,* No. 2005-CA-002245-MR, 2007 WL 1452596, at *3 (Ky. Ct. App. May 18, 2007); *see also Union Cent. Life Ins. Co. v. Glasscock*, 110 S.W.2d 681, 685 (Ky. 1937) (rejecting unjust enrichment claim where party did not show bad faith or misrepresentation).

Plaintiffs have not alleged with particularity any act by Defendant done in bad faith that warrants a remedy in equity. Furthermore, the remedy Plaintiffs seek is a constructive trust representing the money they paid for the potentially tainted Similac. Defendant notes it already offered such a refund to Plaintiffs (and other Similac purchasers) and a refund is still available to Plaintiffs.[1] *See, e.g.*, *Vuotto v. Abbott Labs., Inc.*, No. 10-C-7255, 2011 WL 3876923, at *4

---

[1] "Plaintiffs could have participated in the refund program at any time, and may still do so now." Def. Reply Further Supp. Mot. Dismiss 6.

4

(N.D. Ill. Aug. 31, 2011) (holding refund offer barred unjust enrichment claim). Plaintiffs' claim for unjust enrichment is dismissed.

## VI.

The Blands' claims based on Abbott's alleged violations of the Kentucky Consumer Protection Act ("KCPA"), Ky. Rev. Stat. Ch. 367 and the Kentucky Food, Drug, and Cosmetic Act ("KFDCA"), Ky. Rev. Stat. Ch. 217, must also be dismissed. The KCPA prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce," where "unfair shall be construed to mean unconscionable." Ky. Rev. Stat. Ann. § 367.170 (LexisNexis 2008). Plaintiffs have not identified Abbott's conduct that constituted the KCPA violation. Rather, they reference all "above stated acts of Abbott" in the Complaint as "unfair, false, and misleading and/or deceptive acts and practices," leaving the Court to determine which, if any, of the many alleged actions described in the Complaint support a claim. The Court's review of the allegations has not revealed a viable claim.

Plaintiffs have not alleged facts creating the plausibility Defendant took any actions affecting Plaintiffs intentionally, knowingly, or in bad faith. Although it is possible Abbott knew about the presence of beetle parts in Similac while Plaintiff – presumably relying upon Abbott's statements in labels and advertisements – was still purchasing the product, the Complaint falls well short of demonstrating this scenario is plausible. *See Twombly*, 550 U.S. at 570. Absent Abbott's knowledge of any problem with its product, the Complaint fails to allege any conduct rising to the level of deception or unconscionableness. The KCPA claim is dismissed.

The KFDCA does not provide for a private right of action, nor does Ky. Rev. Stat. § 446.070 provide a universal private right of action for the violation of any Kentucky statute.

Instead, § 446.070 "merely codifies the common law concept of negligence *per se*," where a statute can provide the standard of care in a negligence action if "the plaintiff was in the class of persons which that statute was intended to protect." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000) (*citing Hackney v. Fordson Coal Co.*, 19 S.W.2d 989 (Ky. 1929)). Furthermore, "the injury suffered must be an event which the [statute] was designed to prevent," *Carman v. Dunaway Timber Co., Inc.*, 949 S.W.2d 569, 570 (Ky. 1997), and a substantial factor causing the injury. *Britton v. Wooten*, 817 S.W.2d 443, 447 (Ky. 1991). Thus, insofar as Plaintiffs have pled a KFDCA violation as a separate cause of action, the count must be dismissed.

The pleading also fails as a separate theory for Plaintiffs' negligence action because it does not identify a particular advertising or misbranding that violated the KFDCA. The statute prohibits dissemination of false advertising and the manufacture of misbranded foods. Ky. Rev. Stat. Ann. § 217.175. An advertisement is "deemed to be false if it is false or misleading in any particular" and a food is misbranded "[i]f its labeling is false or misleading in any particular." Ky. Rev. Stat. Ann. §§ 217.035 and 217.105. Plaintiffs' response brief points to an Abbott advertising claim that Similac gives babies a "strong start in life." This statement is typical commercial puffery and the fact that some Similac may have had beetle parts in it does not render the statement false or misleading. Without a false or misleading advertisement or label, Plaintiff has not stated a claim for negligence per se based on a KFDCA violation.

VII.

Mikki and Caleb Bland, the minor's parents, have asserted their own claim of damages for the alleged emotional distress suffered from feeding Similac to J.B. Kentucky follows the

"impact rule," requiring a physical contact with the instrument of injury and mental distress damages directly resulting from that contact. *Steel Tech., Inc. v. Congleton*, 234 S.W.3d 920, 929 (Ky. 2007) (*citing Deutsch v. Shein*, 597 S.W.2d 141, 145-46 (Ky. 1980)). The emotional distress must be caused by the contact, not merely accompanied by the contact. *Id.* Here, any contact J.B.'s parents had with Similac did not cause their mental distress. Mikki and Caleb Bland's mental distress, if any, was caused by J.B.'s contact with Similac, not their own. If Plaintiffs' personal injury claims go forward, emotional distress damages will not be available for Mikki and Caleb Bland.

Defendant has also moved for summary judgment as to all personal injury claims on the grounds each one is barred by the applicable statute of limitations. Ky. Rev. Stat. Ann. § 413.140. The parties dispute whether the discovery rule would apply to these circumstances so that Plaintiffs' claims would not actually accrue until September, 2010, when Defendant recalled its product. *See, e.g.*, *Fluke Corp. v. Lemaster*, 306 S.W.3d 55, 60 (Ky. 2010) ("discovery rule is available . . . where the fact of injury *or* offending instrumentality is not immediately evident") (emphasis added); *but see Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 321-22 (6th Cir. 2010) (finding discovery rule does not apply to non-latent injury).

It is unclear whether either the injury or the offending instrumentality here were immediately evident. Nevertheless, the Court is reviewing these arguments and will discuss them during the scheduled conference. Finally, the Court reserves judgment on Defendant's motion to dismiss Plaintiffs' negligence, strict liability, negligent misrepresentation, express warranty, and implied warranty of merchantability claims until after a conference with the parties.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is SUSTAINED as to Counts III (Intentional Misrepresentation), VII (Breach of Implied Warranty for a Particular Purpose), VIII (Unjust Enrichment), IX (Kentucky Statutory Violations), and X (Punitive Damages) and those counts are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion to dismiss the claims of Mikki and Caleb Bland for emotional distress damages are SUSTAINED and these claims are DISMISSED.

The Court will address Defendant's motion as to the remaining issues in a separate memorandum, and after a conference to be scheduled.

cc:   Counsel of Record