UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-430-H

MIKKI BLAND and CALEB BLAND,
Individually and as parents and next friends
of J.B., a minor

PLAINTIFFS

v.

ABBOTT LABORATORIES, INC.                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Mikki and Caleb Bland and their child, J.B. (collectively the "Blands" or "Plaintiffs"), brought this action against Abbott Laboratories, Inc. ("Abbott" or "Defendant"), alleging various tort and contract claims, as well as Kentucky statutory violations. Their claims arise from a recall of Abbott's infant formula product, Similac. In a previous order, the Court dismissed Plaintiffs' claims for intentional misrepresentation, breach of implied warranty of fitness for a particular purpose, unjust enrichment, and the statutory violations. The Court also dismissed claims for emotional distress damages suffered by Mikki and Caleb Bland. After a conference with the parties, the Court now assesses Defendant's motion to dismiss as to the remaining claims.

The Court has summarized the relevant facts and set out the standard of review for a motion to dismiss in its previous order. Plaintiffs' remaining claims are for negligence, strict liability, negligent misrepresentation, breach of express warranty, and breach of implied warranty of merchantability. A dispute also remains as to whether Kentucky's statute of limitations bars Plaintiffs' claims for unreimbursed medical expenses.

I.

Defendant argues both warranty claims must be dismissed because Plaintiffs were not in privity with Abbott. *See Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 464 (Ky. 2006) (applying privity requirement to dismiss breach-of-warranty claims against a product's manufacturer). Plaintiffs do not dispute their warranty claims are subject to a privity requirement.[1]  Instead, they argue they were in privity with Abbott because they bought Similac at a Sam's Club, a wholesale store which acted as their "buying agent."  Plaintiffs do not cite, nor is this Court aware of, any case in which a court found purchases through a wholesale store rather than a traditional retail store placed a consumer in privity with a manufacturer.  Seeing no reason to apply a different rule to consumers who buy a product at Sam's Club than consumers who buy the same product at Walmart, the Court concludes the Plaintiffs lack privity with Abbott and their breach-of-warranty claims must be dismissed.  *See Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d. 1331, 1340 (S.D. Fla. 2011) (dismissing breach of implied warranty of merchantability claim for lack of privity).

II.

Defendant argues Plaintiff has failed to state a claim for negligent misrepresentation because that cause of action has only applied in Kentucky when a defendant's business is "supplying information for the guidance of others in their business transactions with third

---

[1] Kentucky adopted a version of the Uniform Commercial Code that retained the privity requirement for recovery on a breach-of-warranty theory of product liability.  *See* Ky. Rev. Stat. Ann. § 355.2-318 (LexisNexis 2010).  Other states have since adopted alternative U.C.C. language extending a seller's warranty to persons reasonably expected to use the product, but Kentucky courts have consistently affirmed Kentucky's statute requires privity.  *See, e.g.*, *Williams v. Fulmer*, 695 S.W.2d 411, 413-14 (Ky. 1985) *and Compex Int'l*, 209 S.W.3d at 464; *see also* 13 David J. Leibson, *Kentucky Practice Series Tort Law* § 13:3 (2d ed. 2008).

2

parties." *Our Lady of Belafonte Hosp., Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, at *7 (E.D.Ky. Sept. 27, 2007).  Plaintiffs contend their allegations that Abbott's marketing and packaging contained false statements are sufficient to state a claim for negligent misrepresentation.

The Kentucky Supreme Court first adopted Section 552 of the Restatement (Second) of Torts (1977)[2], describing the negligent misrepresentation cause of action, in *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575 (Ky. 2004).  The plaintiff in *Presnell*, a contractor working on a construction project, alleged the company managing the project supplied faulty information and guidance, causing plaintiff to redo work it had already completed.  *Id.*, at 578.  Before *Presnell*, Kentucky courts recognized claims consistent with Section 552, such as an action against an attorney providing a faulty title opinion and an auctioneer providing inaccurate information about a thoroughbred horse.  *See Giddings & Lewis v. Industrial Risk*, 348 S.W.3d 729, 745 (Ky. 2011) (describing negligent representation cases).

Plaintiffs identify no Kentucky case recognizing a negligent misrepresentation claim based on a defective product and statements in its advertising and packaging.  Indeed, the Kentucky Supreme Court has noted "the language of Section 552 is poorly suited to a product sale."  *Id.*, at 746.  The true injury in such cases is "the failure of the product to function properly," not reliance on false information.  *Id.*, at 745 (quoting *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 955 F.2d 1043, 1054 (6th Cir. 1992) (anticipating Kentucky law would not

---

[2]Section 552 provides: "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

3

recognize a negligent misrepresentation claim in a commercial product sale). This Court declines any invitation to extend the negligent misrepresentation cause of action beyond its present limits set by the Kentucky Supreme Court.

III.

Defendant next argues the negligence and strict liability counts should be dismissed because Plaintiffs have failed to plead those claims with sufficient factual matter so as to make their right to relief plausible, rather than a sheer possibility. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Abbott contends the Blands have not pleaded facts establishing Similac caused them any damage because they do not allege any direct observation of beetle parts in the product they purchased and J.B.'s alleged symptoms are consistent with his diagnosis of pyloric stenosis, not consumption of beetle parts.

Plaintiffs have alleged that they fed J.B. multiple units of Similac subject to Abbott's recall and that J.B. suffered gastrointestinal illness and a feeding aversion in close proximity to consuming Similac. Defendant may develop persuasive evidence supporting its theory that an unrelated condition produced all of J.B.'s health problems and may cast serious doubt on the presence of beetle parts in the portions of Similac that J.B. consumed. Still, Abbot's competing explanation for J.B.'s medical condition does not render Plaintiffs' claim implausible at the pleading stage.

Viewing the allegations of the Complaint in a light most favorable to Plaintiffs, the Court finds the Complaint adequately pleads Defendant's product caused J.B.'s injury. *Accord Shimrit Vavak v. Abbott Labs., Inc.*, No. SACV-10-1995-JVS (RzX), at *4 (C.D. Cal. June 17, 2011) (finding close proximity of child's sickness to ingestion of recalled Similac made product defect

4

allegation plausible); *and Gray v. Abbott Labs., Inc.*, No 10-CV-6377, 2011 WL 3022274, at *2 (N.D. Ill. July 22, 2011) (same).  Counts I and II for negligence and strict liability survive Defendant's motion to dismiss.

IV.

Finally, Defendant argues Plaintiffs cannot recover for medical expenses incurred in J.B.'s hospitalization because the Kentucky statute of limitations bars the claim.  *See* Ky. Rev. Stat. Ann. § 413.140. (LexisNexis 2010).  Unlike a minor's claims for his own injuries,[3] Defendant argues, Kentucky's one-year statute of limitations includes a "parent's claim for loss of services and medical expenses incurred by reason of injuries inflicted on his child."  Def.'s Mem. Supp. Mot. to Dismiss 14, n.7 (quoting *Floyd v. Gray*, 657 S.W.2d 936, 941 (Ky. 1983) (Leibson, J., dissenting).  The issue is not as straightforward as the quoted language would indicate.  A passing reference from a dissenting opinion in a case unrelated to the proposition Defendants advance does not control this Court's decision.

Kentucky is in accord with the vast majority of jurisdictions that "an infant has one cause of action for his injuries and his parent has a separate cause of action for loss of services and medical expenditures."  *Blackburn v. Burchett*, 335 S.W.2d 342, 343 (Ky. 1960); *see* 42 Am. Jur. 2d *Infants* § 144 (2010).  Where a parent has asserted only a claim in his own right for medical expenses based on his child's personal injury, Kentucky's statute of limitations will bar an untimely claim.  *Id.*  However, Kentucky courts permit a parent to "waive his right to assert a claim for the damages to which he is entitled, and permit the child to recover the full amount to

---

[3] Ky. Rev. Stat. § 413.170 tolls the running of the one-year statute of limitations for infants or persons of unsound mind until the removal of such disability.

5

which the [parent] and child would both be entitled if separate suits were brought by each." *Louisville, H. & St. L. Ry. Co. v. Lyons*, 160 S.W. 942, 942 (Ky. 1913). In fact, the *Lyons* opinion expresses a preference that, although "two causes of action arise, it is of course better that only one suit should be brought" by the child for full recovery. *Id.*, at 942-43. So long as a parent has not objected or asserted an independent right to a portion of the child's damages, all such damages, including medical expenses, may be pursued in the child's cause of action. *Smith v. Geoghegan & Mathis*, 333 S.W.2d 254, 256-57 (Ky. 1960).

As with the parents in *Geoghegan & Mathis*, the Blands appear to seek for J.B.'s benefit "all of the elements of damage which they might have made claim for by separate action." *Id.* They did not bring a separate action for medical expenses, but rather styled their Complaint as an action on behalf of J.B. and themselves. Although a Kentucky court has not addressed the unique circumstances presented here, the Court finds Kentucky law supports keeping all causes of action in a single suit. *See Lyons*, 160 S.W. at 942; *see also Kentucky Service Co. v. Miracle*, 56 S.W.2d 521, 522 (Ky. 1933) (child could recover parents' damages). The Court holds J.B. may pursue the claim for medical expenses and such claim is not subject to the one-year statute of limitations.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED in part and DENIED in part. Counts IV (Negligent Misrepresentation, V (Breach of Express Warranty), and VI (Breach of Implied Warranty of Merchantability) are hereby DISMISSED. Counts I (Negligence), and II (Strict Liability) remain.

IT IS FURTHER ORDERED that Defendant's motion to dismiss Plaintiff's claims for

medical expenses is DENIED and Plaintiff, J.B., may pursue his claim for medical expenses.

cc:     Counsel of Record